[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted) Ruddock v. Burrowes,243 Conn. 569, 573, 706 A.2d 967 (1998)
The present case is an action to collect a debt. The plaintiff alleges that it provided medical services consisting of detoxification treatment to four indigent Stamford residents, and that the defendant city authorized, and is required to pay, for these services
The plaintiff filed a motion for summary judgment (#121). The defendant opposed the motion and submitted evidence including affidavits, and copies of the alleged authorization.
The affidavit of Mr. Bonaparte, a former welfare worker for Stamford, who allegedly gave two of the authorizations, shows that there are disputed facts regarding the validity and/or scope of the defendant's authorizations for the services rendered by the plaintiff. Specifically, there are genuine issues regarding the meaning of "authoriz[ation] . . . at the state rate set by Hartford" and "authoriz[ation] . . . at the current state rates." The defendant also has demonstrated there are issues regarding the validity and/or scope of the other two authorizations.
The plaintiff's motion for summary judgment is denied.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of May, 1998.
WILLIAM BURKE LEWIS, JUDGE